UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

JOYCE SHUPE, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

TRANSAMERICA LIFE INSURANCE COMPANY,

    Defendant.

Case No.: 1:19-cv-00045-LRR-KEM

# UNOPPOSED MOTION
## OF GAIL THOMPSON, HANS SUNDER, BELINDA BUCCI, DEBRA LEWIS, DIANA LEWIS, MICHAEL H. STEPHENS, SANDRA ROSNER, KATHLEEN M. SWIFT, AND MARC SOBLE FOR LEAVE TO FILE *AMICUS* BRIEF

Gail Thompson, Hans Sunder, Belinda Bucci, Debra Lewis, Diana Lewis, Michael H. Stephens, Sandra Rosner, Kathleen M. Swift, and Marc Soble (collectively, the "Thompson Plaintiffs") file this unopposed motion for leave to file the proposed *amicus* brief attached as Exhibit A in the above-captioned action (the "Shupe Action"), for the following reasons:

1. The Thompson Plaintiffs are currently prosecuting a case in the Central District of California styled *Gail Thompson, et al. v. Transamerica Life Insurance Company*, No. 2:18-cv-05422-DMG-JC (C.D. Cal.) (the "Thompson Action"), before the Hon. Christina Snyder. Initiated on June 18, 2018, the Thompson Action is the first-filed nationwide class action arising out of Defendant Transamerica Life Insurance Company's 2017 monthly deduction rate ("MDR") increases.

2. Whether amicus briefs may be filed is a matter left entirely to the discretion of the court. *See Mausolf v. Babbitt*, 158 F.R.D. 143, 148 (D. Minn.1994), *rev'd on other grounds*, 85 F.3d 1295 (8th Cir. 1996) ("The amicus privilege rests in the discretion of the court which may

grant or refuse leave according as it deems the proffered information timely, useful, or otherwise." (internal quotations omitted)). A court may grant leave to appear as an *amicus* if the information offered is "timely and useful." *Yip v. Pagano,* 606 F.Supp. 1566, 1568 (D.N.J. 1985), *aff'd mem.,* 782 F.2d 1033 (3rd Cir.), *cert. denied,* 476 U.S. 1141, 106 S.Ct. 2248, 90 L.Ed.2d 694 (1986).

3. While there is no statute, rule or controlling case that defines a federal district court's power to grant leave to file an amicus brief, district courts faced with this issue have referred to Federal Rule of Appellate Procedure 29 for guidance. *Hodge v. United States*, 08-CV-4072-DEO, 2009 WL 10697630, at *4 (N.D. Iowa Mar. 17, 2009), *aff'd,* 602 F.3d 935 (8th Cir. 2010); *Rumble v. Fairview Health Servs.*, No. 14-cv-2037 (SRN/FLN), 2016 WL 6534407, at *1–2 (D. Minn. Nov. 3, 2016).

4. Consistent with Federal Rule of Appellate Procedure 29, along with its motion for leave to file, the amicus movant must file its proposed amicus brief and also indicate its interest in the matter, explain why an amicus brief is desirable, and explain why the matters asserted are relevant to the disposition of the case. *Rumble*, 2016 WL 6534407, at *1–2. Attached as Exhibit A is the Thompson Plaintiffs' proposed amicus brief.

5. The Thompson Plaintiffs' interests are implicated and potentially prejudiced by continued prosecution of this case because for nearly a year they have in their first-filed action been litigating claims relating to TLIC's MDR that include and subsume the less-inclusive claims alleged in the Shupe Action. Specifically, the proposed class in the Shupe Action covers only TransUltra 115 universal life insurance policies, while the putative nationwide class in the Thompson Action encompasses all Transamerica policyowners adversely affected by the MDR increases: both TransUltra 115 and TransSurvivor 115 universal life insurance policies, whether

currently in-force and terminated. Thus, any decision that this Court makes in this action can potentially affect those overlapping putative class members from the Thompson Action. *Wright v. Walden Univ.*, LLC, CV 16-4037(DSD/DTS), 2017 WL 1435717, at *2 (D. Minn. Apr. 21, 2017) (citing *Catanese v. Unilever*, 774 F. Supp. 2d 684, 688 (D.N.J. 2011) ("This Court cannot allow a parallel action to proceed which involves putative absent class members from an earlier-filed class action. Such a situation would cause substantial duplication of effort and, worse, potentially inconsistent rulings."); *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 690 (E.D. Tenn. 2005) ("[I]f both actions proceed, the same individuals could receive two opt-in notices for the same claim but in different courts.")).

6. Furthermore, as shown in detail in the Thompson Plaintiffs' amicus brief, the Thompson Action is far more advanced than the Shupe Action. The Thompson Plaintiffs have already survived a motion to dismiss, taken substantial discovery, and are preparing to file a well-supported motion to certify a nationwide class by August 13, 2019, under the comprehensive scheduling order entered by Judge Snyder in the Thompson Action. In addition, counsel for the parties in the Thompson Action have agreed, subject to client approval, to participate in a mediation before a retired federal judge recommended by Judge Snyder, with the expectation that the mediation will take place this summer. Judge Snyder has accordingly ordered the parties in the Thompson Action to private mediation.

7. Accordingly, the Thompson Plaintiffs can offer the Court a unique and well-informed perspective on the most efficient way to manage the overall class litigation against Transamerica, with a minimum of duplication and a clear eye toward the preservation of judicial resources. The Court should therefore exercise its discretion to allow and consider the Thompson Plaintiffs' attached amicus brief.

8. In accordance with Local Rule 7(k), on June 6, 2019, Thompson Plaintiffs' counsel personally conferred with Shupe's counsel and Transamerica's counsel, who confirmed that Shupe and Transamerica consent to the Thompson Plaintiffs' request for leave to file their proposed amicus brief.

**WHEREFORE**, for the foregoing reasons, and as set forth more fully in the accompanying proposed amicus brief, the Thompson Plaintiffs respectfully request that this Honorable Court grant them leave to file the attached amicus brief, and further that this Court stay all discovery and proceedings in this case pending the litigation or resolution of same claims in the first-filed, more inclusive, and much more advanced Thompson Action.

Dated: June 7, 2019.

       **SHINDLER, ANDERSON, GOPLERUD & WEESE, PC**

       */s/ J. Barton Goplerud*
       J. Barton Goplerud
       5015 Grand Ridge Drive, Suite 100
       West Des Moines, Iowa 50265
       Tel: (515) 223-4567
       Fax: (515) 223-8887
       goplerud@sagwlaw.com

       **BONNETT FAIRBOURN FRIEDMAN & BALINT, PC**
       Andrew S. Friedman
       Francis J. Balint, Jr.
       2325 East Camelback Road, Suite 300
       Phoenix, Arizona 85016
       Tel: (602) 274-1100
       Fax: (602) 274-1199
       afriedman@bffb.com
       fbalint@bffb.com

**CONSUMER WATCHDOG**
Harvey Rosenfield
Jerry Flanagan
6330 San Vicente Blvd., Suite 250
Los Angeles, CA 90048
Tel: (310) 392-0522
Fax: (310) 392-8874
Harvey@consumerwatchdog.org
jerry@consumerwatchdog.org

**THE MOSKOWITZ FIRM, PLLC**
Adam Moskowitz
Howard Bushman
Adam Schwartzbaum
2 Alahambra Plaza, Suite 601
Coral Gables, FL 33134
Tel: 305-740-1423
Fax: 786-298-5737
adam@moskowitz-law.com
howard@moskowitz-law.com
adams@moskowitz-law.com

*Attorneys for Thompson Plaintiffs*